# IN THE UNITED STATES DISTRICT COURT

# FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MELVIN LEE WILSON,<br><br>    Plaintiff,<br><br>    v.<br><br>POOR & HOMELESS COALITION OF TEHAMA, et al.,<br><br>    Defendants. | No.  2:22-CV-01108-MCE-DMC<br><br>ORDER |

Plaintiff, who is proceeding pro se, brings this civil action.  Pending before the court is Plaintiff's complaint, ECF No. 1.   The Court is required to screen complaints brought by litigants who have been granted leave to proceed in forma pauperis.  See 28 U.S.C. § 1915(e)(2). Under this screening provision, the Court must dismiss a complaint or portion thereof if it: (1) is frivolous or malicious; (2) fails to state a claim upon which relief can be granted; or (3) seeks monetary relief from a defendant who is immune from such relief.  See 28 U.S.C. §§ 1915(e)(2)(A), (B).  Moreover, pursuant to Federal Rule of Civil Procedure 12(h)(3), this Court must dismiss an action if the Court determines that it lacks subject matter jurisdiction.  Because Plaintiff has been granted leave to proceed in forma pauperis, the Court will screen the complaint pursuant to § 1915(e)(2).  Pursuant to Rule 12(h)(3), the Court will also consider as a threshold matter whether it has subject-matter jurisdiction.

## I. PLAINTIFF'S ALLEGATIONS

Plaintiff names the following as Defendants: (1) Poor And The Homeless Coalition of Tehama ("PATH"), (2) Steve "Doe" ("Steve"), (3) Robert "Doe" ("Robert"), and (4) Fred "Doe" ("Fred"), (collectively "Defendants"). See ECF No. 1, pgs. 2-3. Defendants PATH and Robert are named in their official capacities and Defendant Fred is named in his individual capacity. See id. Plaintiff did not identify whether Defendant Steve is named in his official or individual capacity. See id., pg. 2. Plaintiff states that he is not bringing suit against any state or local officials pursuant to 42 U.S.C. § 1983, see id., pg. 3; however, it is unclear exactly what Plaintiff is claiming. It appears, generally, that Plaintiff claims he has been harassed by Defendants due to his status as a "290 registrant."[1] Id., pgs. 6-8. Plaintiff claims threats and intimidation by Defendants are a violation of his civil rights. See id.

It appears that Plaintiff claims that the events giving rise to his claims occurred between April to June 2022. See id., pg. 4. Plaintiff alleges that he is a 290 registrant who was placed in the PATH house in February 2022. See id., pg. 6. Plaintiff then details how he believes the actions of other PATH residents, such as Defendants Robert and Fred, make clear to Plaintiff how "they do not want a sex offender in the PATH house" and that Plaintiff is "not welcome" there. Id., pgs. 6-7. Plaintiff contends that he is not breaking any rules of the house, but he is being accused of "repeated minor things" in order to evict him, including being reprimanded for eating a piece of cake and raising his voice at another resident who was ordering him around and intimidating him. Id., pg. 7. Plaintiff claims that Steve Remington, the new house manager, allowed the intimidation to occur and that Defendant Robert, House Supervisor, was present. See id., pg. 8. Finally, Plaintiff claims he has been threatened with expulsion from the house. See id.

Plaintiff seeks $500,000 in compensatory damages. See id., pg. 12. Plaintiff also seeks a preliminary injunction because he believes that once PATH "becomes aware of [his] civil rights action they will retaliate by immediately [evicting Plaintiff]" and that such actions would place Plaintiff at an immediate risk. Id., pg. 5. In support of this request, Plaintiff alleges, generally, that he is 71 years old and disabled and that, if evicted, he faces "the prospect of dying

---

[1] Referring to California Penal Code § 290 related to registration of convicted sex offenders.

from exposure to the elements." Id., pg. 5.

## II. DISCUSSION

In considering whether a complaint states a claim, the Court must accept all allegations of material fact in the complaint as true. See Erickson v. Pardus, 551 U.S. 89, 93-94 (2007). The Court must also construe the alleged facts in the light most favorable to the plaintiff. See Scheuer v. Rhodes, 416 U.S. 232, 236 (1974), overruled on other grounds by Davis v. Scherer, 468 U.S. 183 (1984); see also Hosp. Bldg. Co. v. Rex Hosp. Trustees, 425 U.S. 738, 740 (1976); Barnett v. Centoni, 31 F.3d 813, 816 (9th Cir. 1994) (per curiam). Pro se pleadings are held to a less stringent standard than those drafted by lawyers. See Haines v. Kerner, 404 U.S. 519, 520 (1972). All ambiguities or doubts must also be resolved in the plaintiff's favor. See Jenkins v. McKeithen, 395 U.S. 411, 421 (1969). However, legally conclusory statements, not supported by actual factual allegations, need not be accepted. See Ashcroft v. Iqbal, 556 U.S. 662, 677-78 (2009).

Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief" in order to "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." Bell Atl. Corp v. Twombly, 550 U.S. 544, 555 (2007) (citation omitted). However, in order to survive dismissal for failure to state a claim, a complaint must contain more than "a formulaic recitation of the elements of a cause of action;" it must contain factual allegations sufficient "to raise a right to relief above the speculative level." Id. at 555-56. The complaint must contain "enough facts to state a claim to relief that is plausible on its face." Id. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft, 556 U.S. at 678. "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." Id. (quoting Twombly, 550 U.S. at 556). The mere possibility of misconduct will not suffice to meet this standard. See id. at 679.

The Court finds Plaintiff's complaint deficient under Rule 8(a). Plaintiff fails to

3

plead facts sufficient to allow the Court to draw reasonable inferences that each named Defendant is liable for the alleged wrongdoing and that Plaintiff is entitled to relief beyond mere speculation. The complaint also fails to contain sufficiently specific facts to put the named Defendants on notice of the nature of Plaintiff's claims against them. Plaintiff's complaint is further deficient for the reasons discussed below.

### A.     **Private Parties**

Section 1983 provides a cause of action against persons acting under color of state law who have violated rights guaranteed by the Constitution. See Buckley v. City of Redding, 66 F.3d 188, 190 (9th Cir. 1995). Generally, private parties are not acting under color of state law. See Price v. Hawaii, 939 F.2d 702, 707-08 (9th Cir. 1991); see also Simmons v. Sacramento Cty. Superior Court, 318 F.3d 1156, 1161 (9th Cir. 2003) (explaining a lawyer in private practice does not act under color of state law). Where a private party conspires with state officials to deprive others of constitutional rights, a private party is acting under color of state law. See Tower, 467 U.S. at 920; Crowe v. Cty. of San Diego, 608 F.3d 406, 440 (9th Cir. 2010). To prove a conspiracy between the state and private party under § 1983, a plaintiff must show "an agreement or meeting of the minds to violate constitutional rights. . . each must . . . share the common objective of the conspiracy." United Steelworkers of Am. v. Phelps Dodge Corp., 865 F.2d 1539, 1540-41 (9th Cir. 1989) (en banc) (citation and internal quotation marks omitted). Conclusory allegations are insufficient to state a claim of conspiracy. See Simmons, 318 F.3d at 1161.

Plaintiff names Defendants Robert and Fred. As asserted, these individuals are not state actors for the purpose of § 1983 litigation, but private persons. See ECF No. 1, pgs. 5-6 ("Robert (Doe) and Fred (Doe) residents of the house have made it clear I am not welcome."). In order for these Defendants to act under color of state law and trigger a §1983 action, Plaintiff must establish that they conspired with state officials to deprive Plaintiff of his constitutional rights. Plaintiff's bare assertions that Defendants Robert and Fred have "made it clear I am not welcome" is insufficient to show that they were acting under color of state law; thus, Defendants Robert and Fred must be dismissed.

///

### B. Link to Named Defendants

To state a claim under 42 U.S.C. § 1983, the plaintiff must allege an actual connection or link between the actions of the named defendants and the alleged deprivations. See Monell v. Dep't of Social Servs., 436 U.S. 658 (1978); Rizzo v. Goode, 423 U.S. 362 (1976). "A person 'subjects' another to the deprivation of a constitutional right, within the meaning of § 1983, if he does an affirmative act, participates in another's affirmative acts, or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made." Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978). Vague and conclusory allegations concerning the involvement of official personnel in civil rights violations are not sufficient. See Ivey v. Bd. of Regents, 673 F.2d 266, 268 (9th Cir. 1982). Rather, the plaintiff must set forth specific facts as to each individual defendant's causal role in the alleged constitutional deprivation. See Leer v. Murphy, 844 F.2d 628, 634 (9th Cir. 1988).

Here, Plaintiff claims only that Defendants Robert and Fred didn't make Plaintiff feel welcome and that Defendant Steve—which the Court construes as Steven Remington, the new house manager—allowed an unnamed resident to intimidate Plaintiff while Defendant Roberts was present. Plaintiff's vague statements are insufficient. Plaintiff has failed to allege specific facts as to how each named Defendant is involved as to each alleged wrongdoing, how the conditions complained of have resulted in a deprivation of his constitutional rights, or set forth some link or connection between each Defendant and the claimed deprivation. Without more, Plaintiff's claims must be dismissed.

### C. Municipal Liability

Plaintiff has named PATH, the Poor and Homeless Coalition of Tehama, as a Defendant—but makes no specific allegations against PATH in the complaint. Plaintiff asserts only that he lived in the house and that the events occurred between April and June 2022. Without more, it appears PATH is a private enterprise, not a government agency.[2] Private action

---

[2] A review of PATH's website indicates it is a local non-profit organization, which assists homeless individuals with transitional shelter needs. See https://redbluffpath.org/path-tehama-about (last accessed April 5, 2023).

is not converted into action "under color of state law," as required by § 1983, merely by "some tenuous connection to state action." Groman v. Township of Manalapan, 47 F.3d 628, 638 (3d Cir. 1995). Thus, the mere fact that a private actor is performing a public contract at the time of the alleged wrongdoing does not automatically mean that a private contractor's conduct is "state action." See Rendell–Baker v. Kohn, 457 U.S. 830, 841 (1982); see also Cross v. Etchison, No. 15-CV-3146 LB, 2015 WL 5027547, at *2 (N.D. Cal. Aug. 25, 2015) (citing Kelly v. N.J. Dept. of Corr., 2012 WL 6203691, *6 (D.N.J. 2012) (noting "[f]ederal courts are split on the question of whether organizations that operate halfway houses, and their employees, are state actors for purposes of § 1983")). Instead, a private actor may be deemed to be acting "under color of state law" only when "the conduct allegedly causing the deprivation of a federal right" is "fairly attributable to the state." Lugar v. Edmondson Oil Co., Inc., 457 U.S. 922, 937 (1982).

In addition, a municipal entity may not be held responsible for the acts of its employees or officials under a respondeat superior theory of liability. See Bd. of County Comm'rs v. Brown, 520 U.S. 397, 403 (1997). Thus, municipal liability must rest on the actions of the municipality, and not of the actions of its employees or officers. See id. To assert municipal liability, the plaintiff must allege that the constitutional deprivation complained of resulted from a policy or custom of the municipality. See id. Official policy includes "the decisions of a government's lawmakers, the acts of its policymaking officials, and practices so persistent and widespread as to practically have the force of law." Connick v. Thompson, 563 U.S. 51, 61 (2011). Generally, a claim against a local government unit for municipal or county liability requires an allegation that "a deliberate policy, custom, or practice . . . was the 'moving force' behind the constitutional violation . . . suffered." Galen v. Cty. of Los Angeles, 477 F.3d 652, 667 (9th Cir. 2007); City of Canton, Ohio v. Harris, 489 U.S. 378, 385 (1989).

Alternatively, municipal liability may be imposed where an omission led to the constitutional violation by its employee. See Nathaniel v. City of Redding, No. 2:19-CV-00388-CKD-P, 2019 WL 2410510, at *2 (E.D. Cal. June 7, 2019). To establish municipal liability under this theory, the "plaintiff must show that the municipality's deliberate indifference led to its omission and that the omission caused the employee to commit the constitutional violation." Id.

(citation and quotations omitted).  Deliberate indifference requires Plaintiff to show that the municipality had notice that its omissions would likely result in a constitutional violation.  See id.

Under either theory, "to be entitled to the presumption of truth," Plaintiff must establish an affirmative causal link between the municipal policy or practice and the alleged constitutional violation.  Starr v. Baca, 652 F.3d 1202, 1216 (9th Cir. 2011); See Canton, 489 U.S. at 385, 391-92; Van Ort v. Estate of Stanewich, 92 F.3d 831, 835 (9th Cir. 1996); Oviatt v. Pearce, 954 F.2d 1470, 1473-74 (9th Cir. 1992).  Plaintiff must allege with particularity those acts which defendants engaged in that support plaintiff's claims.  See Jones v. Cmty. Redv. Agency, 733 F.2d 646, 649 (9th Cir. 1984).

Plaintiff's complaint is deficient as to Defendant PATH.  As a preliminary matter, Plaintiff provides no information as to whether or not PATH is a state actor.  It would appear that Defendant PATH was named as a Defendant merely because it employed Defendant Steve Remington, the house manager, and possibly Defendant Robert as House Supervisor.  But there is no respondeat superior liability for the actions of a private entity's employees.  Next, assuming, *arguendo*, that Defendant PATH is a state actor, there must be some causal link between a policy, custom, or practice of PATH and Plaintiff's constitutional rights that were purportedly violated.  Plaintiff must plead with specificity how: (1) Plaintiff's constitutional deprivation resulted from a particular policy, custom, or practice of the local government agency (2) that policy was based on the actual decisions and acts of its policymakers, and (3) those practices are persistent and widespread.  Plaintiff pleads no such facts and so Plaintiff's claims as to Defendant PATH therefore must be dismissed.

      **D.**    **Discrimination Based on Disability**

To the extent Plaintiff asserting a claim for disability discrimination, that claim too must fail. To state a claim under Title II of the ADA, a plaintiff must allege that:

> (1) he "is an individual with a disability;" (2) he "is otherwise qualified to participate in or receive the benefit of some public entity's services, programs, or activities;" (3) he "was either excluded from participation in or denied the benefits of the public entity's services, programs, or activities, or was otherwise discriminated against by the public entity;" and (4) "such exclusion, denial of benefits, or discrimination was by reason of [his] disability."

McGary v. City of Portland, 386 F.3d 1259, 1265 (9th Cir. 2004) (alteration in original) (quoting Thompson v. Davis, 295 F.3d 890, 895 (9th Cir. 2002) (per curiam)).  Here, Plaintiff has failed to plead any facts to show that he has been denied services, programs, or activities by PATH and that such denial of benefits was because of his disability.  It appears Plaintiff is alleging that he has been harassed because he is a 290 registrant, not discriminated against because he is disabled.  As a result, any discrimination claim based on disability must fail.

### E. Preliminary Injunction

To prevail on a request for injunctive relief, the moving party must show that irreparable injury is likely in the absence of an injunction.  See Stormans, Inc. v. Selecky, 586 F.3d 1109, 1127 (9th Cir. 2009) (citing Winter v. Natural Res. Def. Council, Inc., 129 S.Ct. 365 (2008)).  A party must demonstrate: (1) he is likely to succeed on the merits; (2) he is likely to suffer irreparable harm in the absence of an injunction; (3) the balance of hardships tips in his favor; and (4) an injunction is in the public interest.  See Stormans, 586 F.3d at 1127 (citing Winter, 129 S.Ct. at 374).  The court cannot, however, issue an order against individuals who are not parties to the action.  See Zenith Radio Corp. v. Hazeltine Research, Inc., 395 U.S. 100, 112 (1969).  Here, Plaintiff has not stated any federal cognizable claims; therefore, the Court neither has jurisdiction to issue a finding on this issue nor do there remain any parties to this action which could be subject to such relief.

### III. CONCLUSION

Because it is possible the deficiencies identified in this order may be cured by amending the complaint, Plaintiff is entitled to leave to amend prior to dismissal of the entire action.  See Lopez v. Smith, 203 F.3d 1122, 1126, 1131 (9th Cir. 2000) (en banc).  Plaintiff is informed that, as a general rule, an amended complaint supersedes the original complaint.  See Ferdik v. Bonzelet, 963 F.2d 1258, 1262 (9th Cir. 1992).  Therefore, if Plaintiff amends the complaint, the Court cannot refer to the prior pleading in order to make Plaintiff's amended complaint complete.  See Local Rule 220.  An amended complaint must be complete in itself without reference to any prior pleading.  See id.

If Plaintiff chooses to amend the complaint, Plaintiff must demonstrate how the conditions complained of have resulted in a deprivation of Plaintiff's constitutional rights. See Ellis v. Cassidy, 625 F.2d 227 (9th Cir. 1980). The complaint must allege in specific terms how each named defendant is involved, and must set forth some affirmative link or connection between each defendant's actions and the claimed deprivation. See May v. Enomoto, 633 F.2d 164, 167 (9th Cir. 1980); Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's complaint is dismissed with leave to amend; and
2. Plaintiff shall file a first amended complaint within 30 days of the date of this order.

Dated: April 7, 2023

_____
DENNIS M. COTA
UNITED STATES MAGISTRATE JUDGE